UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
ZOLA A. VERNON )
) CASE NO. 14-32166(1)(13)
Debtor(s) )

## MEMORANDUM-OPINION

This matter is before the Court on the Motion to Vacate Order Sustaining Objection to Claim No. 13 of Ditech Financial, LLC f/k/a Green Tree Servicing, LLC ("Green Tree" or "Creditor") regarding Debtor's Objection to Claim of GMAC Mortgage Corporation on behalf of Green Tree. The Court considered Green Tree's Motion, the Response of Debtor Zola A. Vernon ("Debtor"), the comments of counsel for the parties at the hearing held on the matter and the Supplemental Affidavits and Briefs filed by the parties post-hearing. For the following reasons, the Court will **OVERRULE** the Debtor's Objection and allow Green Tree's Amended Proof of Claim.

## PROCEDURAL BACKGROUND

On June 3, 2014, Debtor filed her Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code.

On January 6, 2015, Debtor filed an Objection to the Proof of Claim filed by GMAC Mortgage on behalf of Green Tree in the amount of $3,790.56, Claim No. 13, on the basis that $2,420.20 of the claim was based on an escrow shortage. Debtor claimed she had previously been advised of the shortage and had been making increased payments to Green Tree for which she was not given credit. Upon the filing of the Objection by Debtor, the Clerk of the Bankruptcy Court

issued a BNC Certificate of Mailing on January 9, 2015 indicating that any objections to the Debtor's Objection were due by January 27, 2015.

No response or objection was filed by Green Tree by December 27, 2015 and on January 28, 2015 the Court issued an Order sustaining Debtor's Objection to Green Tree's Proof of Claim.

On February 4, 2015, Green Tree moved to vacate the Order sustaining the Objection to Claim No. 13 on the basis that Bankruptcy Rule 3007(a) mandates that a hearing date be set and the Creditor be allowed 30 days to respond to the Objection. However, the Court entered the Order sustaining the Objection before the expiration of the 30 day period.

Also on February 4, 2015, Green Tree filed a Response to Debtor's Objection indicating the original Proof of Claim was correct as filed.

After several continuances requested by the parties, the Court held a hearing on September 30, 2015 on the matter and ordered the parties to supplement the record with affidavits in support of their respective positions. Both parties filed Supplemental Affidavits in support of their positions.

## **LEGAL ANALYSIS**

When the Court entered its Order sustaining Debtor's Objection to the claim on January 28, 2015, disallowing the claim, the Order further provided that the Creditor was to file an amended claim by February 11, 2015. Creditor did so on February 10, 2015 indicating Debtor's account had been credited with all payments made by Debtor on the account and the Proof of Claim accurately reflected the escrow shortage.

Rule 3008 of the Bankruptcy Rules of Procedure and 11 U.S.C. § 502(j), allow the court to reconsider a claim that has been allowed or disallowed for cause in accordance with the equities of the case. Here, the Creditor was given an inadequate amount of time within which to file a response

to Debtor's Objection. Upon entry of the Order sustaining the Objection, Creditor moved promptly for the Court to reconsider the claim and vacate the Order. No prejudice results to either party by the Court reconsidering the Creditor's Amended Proof of Claim.

The Affidavit filed by the Creditor adequately supports the Claim. A Proof of Claim constitutes *prima facie* evidence of the validity of the amount thereof. *In re Schwegmann Giant Supermarkets Partnership*, 264 B.R. 823 (Bankr. E.D. La. 2001). The burden then shifts to the objecting party to rebut the claim. *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15 (2000). In this case, Debtor failed to rebut the Creditor's claim.

The Affidavit of Green Tree establishes that Debtor was given credit for the extra payments. Debtor complains that Debtor was charged attorney's fees and filing fees in connection with a motion for relief from stay in a prior case, although the motion was subsequently withdrawn. Debtor failed to show that the motion was withdrawn because the motion was erroneously filed because Debtor did not default on her mortgage. The fees in connection with the filing of the motion, therefore, were earned and there is no legal basis to exclude them from the claim.

## CONCLUSION

The Debtor failed to rebutt the Amended Proof of Claim of Green Tree. Therefore, the Motion to Vacate the Order of January 28, 2015 is **GRANTED** and the Amended Claim of Green Tree is allowed as filed.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 8, 2016

3

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                )
                      )
ZOLA A. VERNON        )
                      )     CASE NO.  14-32166(1)(13)
         Debtor(s)    )

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion of Green Tree Servicing, LLC to Vacate Order Sustaining Objection to Claim No. 13, be and hereby is, **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Amended Claim of Green Tree is allowed as filed.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated:  January 8, 2016